## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Henry Harper et al.

v.

Virginia Department
of Taxation

January 7, 1994

Case Nos. (Law) CL891080, CL890462,
CL890463, CL891081, and CL891079

BY JUDGE DONALD H. KENT

These cases are on remand to this court from the decision of the United States Supreme Court in *Harper v. Virginia Department of Taxation*, 113 S. Ct. 2510 (1993). The plaintiffs, federal retirees, are seeking refunds of state income taxes collected in violation of 4 U.S.C. § 111 and the inter-governmental tax immunity doctrine of the supremacy clause of the United States Constitution.

The United States Supreme Court in *Harper* held that federal law does not necessarily entitle the taxpayers to a refund so long as Virginia offers a meaningful opportunity for the taxpayers to withhold contested tax assessments and to challenge their validity in a predeprivation hearing. The U. S. Supreme Court left this question of state law to the Virginia courts.

The parties now come before the Court upon cross-motions for summary judgment. The issues are (1) whether Virginia law offers the plaintiffs a meaningful opportunity to challenge the tax, sufficient to satisfy the Due Process Clause of the U. S. Constitution, and (2) if there has been no violation of Due Process, are the plaintiffs entitled to a refund under the Virginia statutes?

The Department of Taxation takes the position that Due Process is satisfied since there were two predeprivation procedures available to

the plaintiffs: first, an action for Declaratory Judgment, and second, the administrative remedy provided in § 58.1–1821 and § 58.1–1822 of the Code.

The taxpayers could have applied for declaratory relief under § 8.01–184 of the Code before the taxes were assessed. This remedy has been in effect at all times relevant to this litigation, and it provides a broad remedy that can and has been used to challenge a tax before assessment. Any of the taxpayers could have filed a declaratory judgment action to determine the validity of the tax and its application to that taxpayer; this remedy is, by definition, predeprivation and pre-assessment. The Court finds that Due Process under the United States Constitution is satisfied by the declaratory judgment statute.

Having so found, it is not necessary to address the administrative remedy provided in § 58.1–1821 and § 58.1–1822 of the Code.

The final issue for determination is whether § 58.1–1826 of the Code mandates a refund to the taxpayers. The defendant contends that the legislature in using the words "may" and "shall" in the same statute intended to convey two different meanings.

The word "may" should be given its ordinary meaning, permission, importing discretion. It is clear to the Court that the legislature intended to give the Court discretion in determining whether a refund should be ordered. This Court and the Virginia Supreme Court in *Harper v. Virginia Department of Taxation*, 241 Va. 232, 240 (1991) found that "the equities weigh heavily in favor of the Commonwealth."

Accordingly, the taxpayers' request for a refund is denied, and summary judgment is granted in favor of the defendant.